OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of Todd Buckney, filed May 17, 2005. Following a jury trial, Buckney was found guilty on March 28, 2005 on three counts of aggravated robbery, felonies of the first degree in violation of R.C. 2911.01(A)(1), one count of aggravated burglary, a felony of the first degree in violation of R.C. 2911.11(A)(1), three counts of kidnaping, felonies of the second degree in violation of R.C.2905.01(A)(2), three counts of abduction, felonies of the third degree in violation of R.C. 2905.02, and one count of disrupting public service, a felony of the fourth degree in violation of R.C. 2909.04. Buckney was sentenced on April 14, 2005, to five years on the first aggravated robbery charge. The trial court sentenced Buckney to ten years each on the aggravated burglary charge and the remaining aggravated robbery charges, finding that Buckney committed the worst form of those offenses. The trial court also sentenced Buckney to three years each on the kidnaping charges. The trial court sentenced Buckney to eighteen months on the charge of disrupting public service, finding that Buckney committed the worst form of that offense. No sentence was imposed on the abduction charges as they merged with the kidnaping charges. Because of Buckney's lengthy criminal history, all sentences were consecutive with the exception of the kidnaping sentences, which were concurrent with each other but consecutive to all others. Finally, since Buckney was on post release control at the time of the offenses, the trial court ordered that he serve an additional year consecutive to the above stated terms. Buckney's total sentence was 40 and ½ years.
 {¶ 2} Buckney's sole assignment of error is as follows:
 {¶ 3} "THE SENTENCE OF THE APPELLANT SHOULD BE VACATED DUE TO THE OHIO SUPREME COURT'S DECISION IN STATE V. FOSTER"
 {¶ 4} The Ohio Supreme Court recently declared R.C.2929.14(C) and R.C. 2929.14(E)(4), pursuant to which Buckney was sentenced, along with other parts of Ohio's felony sentencing scheme, unconstitutional. State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, syllabus, p. 1 (citing Apprendi v. New Jersey
(2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, andBlakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531,159 L.Ed.2d 403). R.C. 2929.14(C)'s requirement that the sentencing court find, prior to imposing the longest prison term authorized for the offense, that the offender committed the worst forms of the offense, violated the defendant's Sixth Amendment right to a jury trial on the facts relied upon in enhancing sentence. Id. R.C. 2929.14 (E)(4)'s requirement that the sentencing court find that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," as well as, in relevant part, either that the offender was under court control at the time of the offense, or that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender," violated the defendant's Sixth Amendment right to jury trial in light of the statutory presumption that sentences of imprisonment were to run concurrently. Id.
 {¶ 5} Pursuant to Foster, Buckney's sentence is contrary to law. The Foster court instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Buckney's sentence is reversed, and the matter is remanded for resentencing.
Grady, P.J. and Valen, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).